## C. A. Brougher v. Dave Conley.

1. TAX SALE. *Postponement by board of supervisors. Section 558, Code 1880.*
   Section 558 of the Code of 1880 provides that, "'If from any cause a sale of any land for taxes, which is liable to such sale, shall not be made at the time appointed by law for such sale, it may be sold thereafter in the same or a subsequent year, at any time designated therefor by order of the board of supervisors of the county." This provision does not authorize a board of supervisors, on the day fixed by law for the sale of lands for taxes, to make an order relieving the tax collector of his duty to sell delinquent lands on that day, and fixing a future day for such sales; and any such order, and sales made in pursuance thereof, are nullities.

2. SAME. *Power of supervisors to postpone. Section 558, Code 1880, construed.*
   The purpose of the statute quoted above is to provide for *failures* to sell lands for taxes at the time prescribed by law. And the power conferred upon a board of supervisors to fix another time for such sales can only be exercised subsequently to the day designated therefor by law, and cannot be used to postpone sales that should be made on that day.

APPEAL from the Circuit Court of Hancock County.

HON. S. H. TERRAL, Judge.

C. A. Brougher brought this action of unlawful detainer against Dave Conley to obtain possession of a certain tract of land which the plaintiff claimed under a tax-title. At the trial in the circuit court he introduced in evidence a deed from the auditor of public accounts, dated the 26th of April, 1882, and conveying to him the land in controversy, and also the list of lands sold to the State for the taxes of 1880 by the sheriff and tax-collector of Hancock County on the 25th and 28th and intermediate days of April, 1881.

The defendant put in evidence an order of the Board of Supervisors of Hancock County, made on the first Monday and 7th day of March, 1881, and in the following language : " Whereas David Moye, sheriff and tax-collector of said county, qualified as such sheriff and tax-collector on the 14th of January, 1881, and the time being short for the collection of taxes, and no sale made of real estate for taxes, and no insolvent list filed, for want of time in advertising, in order that the same could have been sold on the first Monday of March, 1881, it is therefore ordered by the board that the said David Moye have until the fourth Monday in April, 1881, to make the sale of land for taxes, and that the said David Moye give notice by advertising said lands in accordance with the law. And it is further ordered that the said David Moye have until the fourth Monday of April, 1881, to file his list of insolvencies."

The court instructed the jury for the defendant that the sale of the land in controversy, " having been made on a day designated neither by law nor by any order of the Board of Supervisors of Hancock County, was void."

From a judgment in favor of the defendant the plaintiff appealed to this court.

*R. H. Thompson,* for the appellant.

The whole case seems to turn on the question whether the tax sale was made on a day authorized by law. The tax-collector sold from 25th to 28th of April, 1881, for taxes of 1880. Of

course, this was not the day fixed by the statute, but it was the time fixed by the supervisors acting under § 558, Code 1880.

In fact, this whole case depends upon the construction of the order of the supervisors' court and of said § 558. Now it is perfectly apparent that the board of supervisors by said order designed to fix some day for the sale of lands other than the time fixed by the statute. It also seems clear from the order itself that they fixed the fourth Monday in April, 1881. This was the time to begin the sales ; and under the general provision of the statute (see § 558 itself) the sheriff was authorized to proceed from day to day until the sales were completed.

*T. S. Ford,* for the appellee.

It is well settled in this State that a tax sale made on a day other than that provided by law is void. 53 Miss. Rep. 519 ; 54 Miss. Rep. 58 ; 56 Miss. Rep. 383 ; 58 Miss. Rep. 628.

Did the order of the board of supervisors " designate the time " for the sale of land for taxes ? We submit that it did not.

The board of supervisors, on the first Monday of March, 1881, ordered that the tax-collector *" have until the fourth Monday of April,* A. D. 1881, to make the sale of land for taxes." This order, instead of designating the time for the sale, left it to the tax-collector to designate the day for the sale, which he accordingly fixed on the fourth Monday of April, which fell on the 25th day.

Following the order of the board, he might with as perfect propriety have designated the 6th or the 13th, or any other day in April ; so, in point of fact, it was the tax-collector, and not the board of supervisors, who did actually " designate the time " for the sale of the land in controversy.

It appears doubtful whether the board secured obedience to their order, void as it is. They undertook to direct that the sheriff have until the fourth Monday to make the sale of land ; their order seems to contemplate that the tax-collector shall have finished by the 25th. The tax-collector, as shown by the record, continued the sale from the 25th to the 28th, thus going beyond the limit the board undertook to make.

CAMPBELL, C. J., delivered the opinion of the court.

The action of the Board of Supervisors of Hancock County in making an order on the first Monday of March, 1881, relieving the tax-collector from his duty under the law to commence the sale of lands for taxes on that day and allowing him to disregard the law by postponing sale to a later day was without authority of law and has no validity. The sale of land afterward made by the tax-collector in pursuance of this unwarranted order was a nullity. The order mentioned was made under a total misapprehension of § 558 of the Code of 1880. This is a valuable provision, but was not intended to arm a board of supervisors with the dispensing power as to the laws enacted for the collection of public revenues. Such a construction would make it the instrument of incalculable mischief. The object and scope of the section is to provide for the case of a failure from any cause to sell land for taxes at the time prescribed by law.

If after the time fixed by law for sale of land for taxes it appears that any land liable to such sale was not sold, as it should have been, it may be sold by order of the board of supervisors. The section sprang from the apprehension that by inadvertence or oversight some land might escape sale at the regular time, and was intended especially for such cases. Its language is broad enough to embrace a failure as to the entire list of delinquent lands, and where it appeared at a time subsequent to the time fixed by law for the sale of land for taxes that no sale had been made, from any cause, it would be competent and proper for the board of supervisors under this section to order the sale to be made at a future day; but this is very different from granting an indulgence beforehand. A tax-collector who fails to advertise and sell lands delinquent for taxes at the time prescribed by law can obtain no relief from responsibility by any order of a board of supervisors, which cannot thus thwart the law.

*Affirmed.*