ALICE B. C. CLARKE *v.* FANNIE W. FRANK.

TAX SALE. *Order of supervisors under ₹ 558, Code 1880. Bill to vacate title. Demurrer.*

Section 521, Code of 1880, provides that sales of land for taxes shall be made on the first Monday of March, "within the hours for sheriff's sales," which are between "eleven o'clock in the forenoon" and "four o'clock in the afternoon." Section 558 provides that, "If from any cause a sale of any land for taxes, which is liable for such sale, shall not be made at the time appointed by law for such sale, it may be sold thereafter at any time designated therefor by order of the board of supervisors of the county." Lands delinquent for the taxes of the year 1884, in the county of P., were not sold on the first Monday of March, 1885, but on that day the board of supervisors made an order directing the sale of the same on the first Monday of April, 1885. In October, 1886, C. filed a bill to vacate the tax-title to a certain

tract of land sold on the first Monday of April, 1885. The bill showed the failure to sell on the first Monday of March, the order made on that day, and the sale in pursuance thereof. The defendant demurred because the bill does not negative the idea that the order of the board of supervisors may have been made after four o'clock of the day of its date, and after "the time appointed by law for such [tax] sales" by the sheriff had expired, as contemplated by § 558 above quoted. *Held*, that the demurrer is not maintainable. *Brougher* v. *Conley*, 62 Miss. 358, cited.

APPEAL from the Chancery Court of Pike County.

HON. LAUCH McLAURIN, Chancellor.

The tract of land here in controversy became delinquent for the taxes due thereon for the year 1884, but was not sold on the first Monday of March, 1885, as should have been done in pursuance of the law governing sales of land for taxes. But on that day the board of supervisors of the county made an order in the following language :

"Under the provisions of § 558 of the Code of 1880, it is ordered by the board that the sheriff of this county be, and he is hereby, directed to sell all lands on which the taxes have not been paid for 1884 on the first Monday in April, 1885, and that he advertise said sale as required by law." ·

Accordingly, this land was sold on the first Monday of April, 1885, to the State for the taxes due and unpaid thereon for the year 1884. On the 10th of April, 1886, George W. Carlisle purchased the State's title to this land, and on the 14th of April, 1886, conveyed the same to Fannie W. Frank.

On the 2d of October, 1886, Alice B. C. Clarke filed the bill in this case, showing her occupancy of this land and her ownership of the title by which it was held at the time of the sale for taxes, and stating the facts above set forth, and the further fact that she had offered to reimburse the defendant, Fannie W. Frank, for the money paid for her tax-title if the latter would quit-claim the land to complainant, and that such offer was rejected by the defendant. The bill prayed for a cancellation of the defendant's pretended tax-title as a cloud upon complainant's real title and for general relief.

The defendant demurred to the complainant's bill "because the

bill shows that the sheriff failed to sell the land in controversy on the day required by law, and does not show that the order of the board of supervisors directing a sale at another time was passed before the time for the sale on the regular day had elapsed." The court below sustained the demurrer and dismissed the bill, and thereupon the complainant appealed to this court.

*S. E. Packwood,* for the appellant.

We maintain that the time of the day when the order was made on the first Monday in March, 1885, by the board of supervisors cannot be taken into consideration, for this case belongs to that class of cases where the law regards a day as an indivisible unit. The order in this case extending the time was either a judicial or legislative act, and if either, we take it that this is not a case where the time of the day can be taken into consideration so as to locate the precise minute and hour when the order of the board of supervisors was passed.

*In the matter of Welman,* 20 Vt. 653, it was held that fractions of a day could not be taken into consideration in reference to legislative acts or public laws or *such judicial proceedings as are matters of record,* it being held as to such acts that the law allows no divisions of a day.

In 17 Wallace, U. S. Supreme Court Reports, 191–206, in case of *Lapeyre* v. *United States,* the court cite with approbation *Welman's Case* and say : " The act becomes effectual upon the day of its date. In such cases it is operative from the first moment of that day. Fractions of a day are not recognized. An inquiry involving that subject is inadmissible. *Welman's Case,* 20 Vt. 653 ; 26 Am. Dec., note, 236. The subject is there examined with *learning and ability.*"

We urge that this court in the case of *Brougher* v. *Conley,* 62 Miss. 361, has settled the invalidity of this sale and order.

*Lamkin & Lamkin,* for the appellee.

In cases of tax sales the law recognizes fractions of a day by limiting the time for the sale between eleven and four o'clock on the first Monday in March. So far as the *day* for the sale for taxes is concerned, it has ceased to be a day for that purpose at four

o'clock. It was held in *Brougher* v. *Conley*, 62 Miss. 359, that "when it appeared at a *time* subsequent to the *time* fixed by law for the sale of lands for taxes that no sale had been made from any cause, it would be competent and proper for the board of supervisors * * to order the sale to be made at a future *day*." It seems that the court was particular in the words employed in making this declaration, and seems to draw a distinction between the words " time " and " day."

The order of the board of supervisors shows *prima facie* that it was made after the time appointed by law for the sale by declaring that " Under the *provisions* of § 558 of the Code of 1880 it is ordered," etc. The *provisions* above referred to are that if the sale shall not be made at the time appointed by law, it shall be made by order of the board of supervisors, and the presumption will be that the board of supervisors were complying with that section of the code in making the order, there being nothing to show to the contrary, and that the order was passed after four o'clock of that day. The bill fails to show that such order was made before four o'clock, and therefore fails to make out a *prima facie* case.

COOPER, C. J., delivered the opinion of the court.

*Decree reversed and demurrer overruled. Brougher* v. *Conley*, 62 Miss. 358.